1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

David Lee Mims,

      Petitioner

v.

Brian Williams et al.,

      Respondents

2:15-cv-02186-JAD-PAL

**Order Granting IFP Status, Denying Motion to Appoint Counsel, and Directing Petitioner to Show Cause Why this Petition is not an Unauthorized Successive Petition that Must be Dismissed**

**[ECF 1, 2]**

11       David Lee Mims is a Nevada prisoner who brings this federal habeas corpus petition under

12  28 U.S.C. § 2254 to challenge his 1996 state-court conviction for sexual assault, kidnapping, and

13  robbery.[1]  Mims initiated this action on November 16, 2015, by filing an application to proceed *in*

14  *forma pauperis*,[2] along with his habeas corpus petition (attached to application to proceed *in forma*

15  *pauperis*), and a motion for appointment of counsel.[3]  I now resolve both requests and give Mims

16  until December 21, 2015, to demonstrate that this is not a successive petition subject to dismissal

17  because Mims did not obtain permission from the appellate court before filing it.

18  **A.**    ***In Forma Pauperis* Application**

19       The financial information provided with Mims's application to proceed *in forma pauperis*

20  indicates that he is unable to pay the filing fee for this action.  Therefore, the *in forma pauperis*

21  application will be granted.

22

23  **B.**    **Order to Show Cause Why this Case Should Not be Dismissed as an Unauthorized Successive Petition**

24       I have examined the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases

25

26  [1] ECF 1-1.

27  [2] ECF 1.

28  [3] ECF 2.

Page 1 of 3

1  in the United States District Courts, and I find that it may be subject to dismissal as a "successive"

2  petition. Mims's habeas petition challenges his convictions and sentences for sexual assault with use

3  of a deadly weapon, two counts of first degree kidnapping with use of a deadly weapon, and robbery

4  with the use of a deadly weapon, entered in 1996 in Nevada's Second Judicial District Court.[4] Mims

5  has, however, already litigated a federal habeas corpus petition in this court for those convictions and

6  sentences, so this petition appears to be an unauthorized successive petition.

7       I take judicial notice of the proceedings in Case No. 3:03-cv-00669-ECR-VPC. In that case,

8  initiated in this court by Mims in 2003, Mims challenged the same convictions and sentences that he

9  challenges in this case. On November 19, 2004, the late Judge Edward Reed dismissed the action on

10  the ground that it was barred by the statute of limitations.[5] Judge Reed then denied Mims a

11  certificate of appealability,[6] and on June 5, 2005, the Ninth Circuit Court of Appeals did, too.[7]

12       Where an initial federal habeas petition was dismissed on statute of limitations grounds, a

13  subsequent federal petition is considered successive under 28 U.S.C. § 2244(b).[8] A successive

14  habeas petition may not be filed in this court without permission from the Ninth Circuit Court of

15  Appeals.[9] Mims has not alleged or shown that he received permission from the court of appeals to

16  file a successive habeas petition in this case.

17       I will give Mims until December 21, 2015, to show cause why this action should not be

18  dismissed for failure to obtain the appeals court's permission to file this successive petition. If Mims

19  fails to show that he has obtained permission by that deadline, this case will be dismissed. If Mims

20

---

21  [4] *See* ECF 1-1 at 1–2.

22  [5] *See* Order entered November 19, 2004, ECF No. 31 in Case No. 3:03-cv-00669-ECR-VPC.

23  [6] *See* Order entered February 10, 2005, ECF No. 39 in Case No. 3:03-cv-00669-
24  ECR-VPC.

25  [7] *See* Order filed June 5, 2005, ECF No. 43 in Case No. 3:03-cv-00669-ECR-VPC.

26  [8] *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

27  [9] *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this
28  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
order authorizing the district court to consider the application.").

1   is able to make the showing required by this order, the court will then screen Mims's petition as

2   required under 28 U.S.C. 1915A to determine whether he states claims that are not plainly meritless.

3   **C.     Motion to Appoint Counsel**

4         Mims has not shown that he is entitled to appointed counsel.[10] "Indigent state prisoners

5   applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a

6   particular case indicate that appointed counsel is necessary to prevent due process violations."[11]   The

7   court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so

8   require."[12]  I find that, at this time, appointment of counsel is not warranted.

9                                         **Conclusion**

10        IT IS THEREFORE ORDERED that petitioner's Application to Proceed *in Forma Pauperis*

11  **[ECF 1] is GRANTED**.  Petitioner will not be required to pay the filing fee for this action.  The

12  Clerk of the Court is directed to **separately file the petition** for writ of habeas corpus (attached to

13  the application to proceed *in forma pauperis*, at ECF 1).

14        IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **[ECF 2] is**

15  **DENIED.**

16        IT IS FURTHER ORDERED that **petitioner has until December 21, 2015, to show cause**

17  why his case should not be dismissed as an unauthorized successive petition filed without permission

18  of the appellate court**.  If petitioner fails** to respond to this order within the time allowed, or fails to

19  make the required showing, **this action will be dismissed.**

20        Dated this 19th day of November, 2015

21

22

23        Jennifer A. Dorsey
          United States District Judge

24  ─────────────────────

25  [10] ECF 2.

26  [11]*Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640
    (9th Cir. 1970) (per curiam).

27
28  [12] *See* 18 U.S.C. § 3006A; see also, Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at
    1196.